# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL CASE NO.: |
| BETTIE JONES | : 1:16-CR-00015-22-AT-JSA |

## ORDER AND REPORT AND RECOMMENDATION

This case is part of a large, multi-defendant action in which various inmates in and employees of certain Georgia state prisons, along with family members and other outside associates of inmates, allegedly conspired to smuggle contraband (including illegal cell phones) into the prisons. This case is before the undersigned on the motion of Defendant Bettie Jones to Suppress Statements [373], which relates to statements that the Defendant made in an allegedly noncustodial interview with FBI agents on November 18, 2015. As explained below, the Court **RECOMMENDS** that the Motion be **DENIED**.

## I.    BACKGROUND

The Court held an evidentiary hearing on Defendant's Motion to Suppress on August 3, 2016, for which a transcript has been prepared [511]. FBI Special Agent Brian Davis was the only witness at the evidentiary hearing. At the conclusion of the hearing, the Court set a deadline for the filing of a post-hearing brief by the Defendant, in the event "upon hearing the testimony here you with to

continue to pursue the motion . . . . ." *See* [511] at 27.  Counsel indicated at the hearing that he was leaning towards not filing a post-hearing brief to continue to pursue the motion but that if the decision were otherwise he would file by the deadline set by the Court, which was August 31, 2016.  *Id.* at 28.  To date, no such brief has been submitted by the Defendant.

## II.   DISCUSSION

As no post-hearing motion was filed by the Defendant, the Court considers the Motion to be abandoned.  Nevertheless, the Court has considered the testimony, and has listened to the recording of the interview itself (Gov't Ex. 1), and offers the following brief discussion.

If a Defendant moves to suppress her incriminating statements to law enforcement, the Government bears the burden to show that the Defendant's statements were made voluntarily.  *See Jackson v. Denno*, 378 U.S. 368 (1964). Determining whether a statement is voluntary depends on whether, under all of the surrounding circumstances, the statement was the product of the accused's "free and rational" choice. *United States v. Jones*, 32 F.3d 1512, 1516 (1994); *see Arizona v. Fulminate*, 499 U.S. 279, 285–88 (1991). The Eleventh Circuit has stated:

> Sufficiently coercive conduct normally involves subjecting the accused to an exhaustingly long interrogation, the application of physical force or the threat to do so, or the making of a promise that induces a confession.

> Isolated incidents of police deception, and discussions of realistic penalties for cooperative and non-cooperative defendants, are normally insufficient to preclude free choice.

*Jones*, 32 F.3d at 1517 (quotation omitted).

Moreover, in *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court held that a suspect who is in custody must be advised of his right to remain silent and of his right to the assistance of counsel prior to any interrogation by law enforcement. The Government has the burden to show the knowing and intelligent nature of a *Miranda* waiver. *Id*. at 475.

Here, *Miranda* does not apply to the November 18th, 2015 statements because the Defendant was not in custody. The Defendant, who bears the initial burden of establishing that she was in custody, *see United States v. de la Fuente*, 548 F.2d 528, 533 (5th Cir. 1978) ("[I]f a defendant shows that a confession was obtained while he was under custodial interrogation, the government then has the burden of proving that the defendant voluntarily waived his privilege against self-incrimination."), does not argue otherwise. The Court finds that the facts in the record clearly establish the non-custodial nature of the interview. Defendant was consensually interviewed at her residence by Agent Davis and another agent. [511] at 6-7. She was not arrested and she was "very welcoming. She told us the correct address and told us that we could come speak with her." *Id.* at 8  Nothing in the agent's testimony or in the Court's review of the recording suggests that the

Defendant was not free to leave during this consensual interview.

For many of the same reasons, the Court finds that the Government has established the voluntariness of Defendant's statements. A review of the recording suggests that the tone of the interview was cordial and polite. While Agent Davis acknowledged that the Defendant was "a little nervous," [511] at 8, nothing in the recording that the Court has *sua sponte* reviewed, or in the Agent's testimony, suggests that she felt forced, threatened, intimidated or misled into speaking with the officers. Agent Davis denied any such conduct. *Id.* at 19. While the officers were armed, the weapons were concealed. *Id.* at 8-10.

Thus, the Court is satisfied that Defendant's statements were made voluntarily and that the Motion to Suppress [373], even if not abandoned, should be **DENIED**.

## CONCLUSION

The Court **RECOMMENDS** that the Motion to Suppress [373] be **DENIED.**

The Court has already **GRANTED IN PART AND DENIED IN PART** Defendant's Motion for Bill of Particulars, as explained in the pretrial hearing on March 28, 2016 [391]. Therefore, the Clerk is **DIRECTED** to terminate the pendency of that Motion.

The Court **DEFERS** the Motion to Sever [376] to the District Judge.

As there is nothing else pending relating to this Defendant for the undersigned to resolve, the matter is declared **READY FOR TRIAL**.

**IT IS SO RECOMMENDED and ORDERED** this 28th day of September, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE